# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **IDB VENTURES, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**ACADEMY, LTD.,**<br><br>    Defendant. | Civil Action No. 2:17-cv-____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff IDB Ventures, LLC ("Plaintiff") files this Complaint against Academy, Ltd. ("Defendant") alleging as follows:

## PARTIES

1.  Plaintiff IDB Ventures, LLC is limited liability company organized under the State of Texas having a principal place of business at 5068 W. Plano Pkwy, Suite 300, Plano, Texas 75093.

2.  Upon information and belief Defendant is a corporation with a principal place of business located at 1800 N. Mason Road, Katy, TX 77449. Defendant may be served via its registered agent: Genetha Turner, 1540 North Mason Rd., Katy, TX 77449.

## JURISDICTION AND VENUE

3.  This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271(a), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4.  Venue is proper in this district under 28 U.S.C. §§1400(b). On information and belief, Defendant has transacted business in this district, has committed acts of patent

infringement in this district and has at least one regular place of business in this district, *e.g.*, 8668 S. Broadway Ave., Tyler, TX 75703.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 6,216,139)

6. On April 10, 2001, United States Patent No. 6,216,139 (the "'139 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Integrated Dialog Box for Rapidly Altering Presentation of Parameter Text Data Objects on a Computer Display." A true and correct copy of the '139 Patent is attached hereto as Exhibit A.

7. Mr. Robert Listou is listed as the inventor of the '139 Patent.

8. Plaintiff is the owner by assignment of the '139 Patent with all rights in and to that patent.

9. Defendant directly or through intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (*i.e.* www.academy.com, the "Accused Instrumentality")) that infringe claims 1, 2 and 19 of the '139 Patent.

10. Upon information and belief, Defendant has been and is now infringing at least claims 1, 2 and 19 of the '139 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale products or services through www.academy.com in a

manner covered by one or more claims of the '139 Patent to the injury of Plaintiff. Defendant is thus infringing, literally infringing, and/or infringing the '139 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '139 Patent pursuant to 35 U.S.C. §. 271(a).

11. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '139 Patent complied with such requirements.

12. The Accused Instrumentality performs the method of claim 1 of the '139 Patent and includes, at least, imaging on a display device controlled by the computer system, a query dialog box. For example, the Accused Instrumentality controls a display device, *e.g.,* a monitor or display, to display an image of a query dialog box, *e.g.,* it displays a search menu which asks for user input. The Accused Instrumentality also provides a query dialog box which displays each of a plurality of parameters associated with each of the text data object, forms a plurality of spaces for listing values with each displayed parameter and further forms a space for selecting sort order. For example, the Accused Instrumentality provides a query dialog box, *e.g.,* a menu, which displays each of a plurality of parameters associated with each of the text data objects, *e.g.,* brand, type, etc., forms a plurality of spaces for listing values with each displayed parameter, *e.g.,* each parameter has its own drop-down menu, and further forms a space for selecting a sort order, *e.g.,* sort by: best selling. The Accused Instrumentality also designates, for each displayed parameter a parameter value. For example, the Accused Instrumentality, designates, for each displayed parameter, a parameter value, *e.g.,* each item is assigned to a brand, type, style, etc. The Accused Instrumentality also constructs a sort order from the displayed parameters in the space for selecting a sort order. For example, the Accused Instrumentality constructs a sort order from the displayed parameters in the space for selecting a

sort order, *e.g.,* it constructs a single sort order from the list of available parameters such as newest, best selling, etc. The Accused Instrumentality also selects, using a computer system, text data objects satisfying the designated values. For example, the Accused Instrumentality selects, using the computer system, text objects satisfying the designated values, *e.g.,* it selects objects which match the search parameters, such as shirts, with the appropriate price, color, size, etc. The Accused Instrumentality also sorts, using the computer system the selected text data objects according to the constructed sort order. For example, the Accused Instrumentality sorts, using the computer system, the selected text data objects according to the constructed sort order, *e.g.,* the selected items are sorted according to the sort order. *See* Ex. B, Figs. 1-5.

13. The Accused Instrumentality infringes claim 2 of the '139 Patent, wherein it images on the display device a list of sorted text data objects. For example, the Accused Instrumentality displays a list of sorted text data objects, *e.g.,* it displays a list of the matching items in the sorted order. *See* Ex. B, Figs. 1-5.

14. The Accused Instrumentality infringes claim 19 of the '139 Patent, wherein it includes a computer memory storage device encoded with a computer program for using a computer system to sort and display text data objects. For example, the Accused Instrumentality includes a computer program for sorting and displaying text data objects stored on computer memory, *e.g.,* a hard drive. The Accused Instrumentality also includes a means for imaging, on a display device controlled by the computer system, a query dialog box. For example, the Accused Instrumentality includes a means for imaging, on a display device controlled by the computer system, a query dialog box, *e.g.,* it includes software modules for causing the computer to display a query dialog box on the display device. The Accused Instrumentality also includes software for displaying a query dialog box that displays each of a plurality of parameters

associated with each of the text data objects, forms a plurality of spaces for listing values associated with each displayed parameter, and further forms a space for selecting a sort order. For example, the Accused Instrumentality includes software for displaying query box, *e.g.,* a menu, that displays each of a plurality of parameters associated with each of the text data objects, *e.g.,* brand, type, style, etc., forms a plurality of spaces for listing values associated with each displayed parameter, *e.g.,* each parameter has its own menu, and further forms a space for selecting a sort order, *e.g.,* sort by: featured.  The Accused Instrumentality also includes a means for designating, for each displayed parameter, a parameter value.  For example, the Accused Instrumentality includes a means for designating, for each displayed parameter, a parameter value, *e.g.,* it includes software modules which assign each item to a brand, type, style, etc.  The Accused Instrumentality also includes a means for constructing sort order from the displayed parameters in the space for selecting a sort order.  For example, the Accused Instrumentality includes a means for constructing a sort order from the displayed parameters in the space for selecting sort order, *e.g.,* software modules that construct a sort order from the list of available parameters such as featured, newest, best selling, etc.  The Accused Instrumentality also includes a means for selecting, using the computer system, text data objects satisfying the designated values.  For example, the Accused Instrumentality includes a means for selecting, using the computer system, text data objects satisfying the designated values, *e.g.,* it includes software modules which select objects that match the search parameters, such as brand, type, style, etc.  The Accused Instrumentality also includes a means for sorting, using the computer system, the selected text data objects according to the constructed sort order.  For example, the accused Instrumentality includes a means for sorting, using the computer system, the selected text data

objects according to the constructed sort order, *e.g.,* it includes software modules which sort the selected items according to the sort order.  See Ex. B, Figs. 1-5 .

15. As a result of the Defendant's infringement of the '139 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

16. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '139 Patent, Plaintiff will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '139 Patent;

2. A permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '139 Patent, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '139 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  July 6, 2017                                              Respectfully submitted,

/s/ Thomas C. Wright
Thomas C. Wright, Ph.D.
State Bar No. 24028146
Alex J. Whitman
State Bar No. 24081210
Cunningham Swaim, LLP
7557 Rambler Road, Suite 400
Dallas, TX 75231
Telephone: (214) 646-1495
twright@cunninghamswaim.com
awhitman@cunninghamswaim.com